IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| MOHSEN NIROOMAND-RAD, ) | |
| ) | CASE NO. BK14-81784 |
| Debtor(s). ) | A16-8050 |
| RICHARD D. MYERS, Successor Trustee, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| MOHSEN NIROOMAND-RAD, ) | |
| also known as MASON RAD; ) | |
| MICHAEL NIROOMAND-RAD; ) | |
| RYAN NIROOMAND-RAD; ) | |
| USA CONSTRUCTION COMPANY, INC.; ) | |
| XION CONSTRUCTION COMPANY, LLC; ) | |
| and VARIOUS JOHN DOES, ) | |
| ) | |
| Defendants. ) | |

FINDINGS AND RECOMMENDATIONS
TO THE UNITED STATES DISTRICT COURT

This matter is before the court on the motion by defendant Ryan Niroomand-Rad, Michael Niroomand-Rad, and Xion Construction Company, LLC, to withdraw the reference of this adversary proceeding (Fil. No. 11) and the plaintiff's resistance thereto (Fil. No. 15). Lauren R. Goodman and Michael T. Eversden represent the movants, and Rex J. Moats represents the plaintiff.

The background of this adversary proceeding is as follows:

1. Mohsen Niroomand-Rad ("the debtor") is the president of USA Construction Company, Incorporated, a Nebraska corporation with its principal place of business in Omaha, Nebraska. USA Construction's business is to bid on federal government contracts which after award are performed primarily by subcontractors.

2. A former subcontractor of USA Construction obtained judgments in 2013 and 2014 against the debtor and USA Construction based on fraudulent misrepresentation. The judgment creditor undertook collection actions, including the garnishment of a bank account in Iowa belonging to USA Construction.

3. Defendants Michael Niroomand-Rad and Ryan Niroomand-Rad are sons of the debtor and majority shareholders in USA Construction.

4. In April 2014, Michael Niroomand-Rad formed Xion Construction Company, LLC. Xion's business is to bid on federal government contracts which after award are performed primarily by subcontractors.

5. In 2013 and 2014, Ryan Niroomand-Rad was awarded federal government contracts in excess of $500,000.00 of the type obtained by USA Construction and Xion Construction. The business address utilized by defendant Ryan Niroomand-Rad was the debtor's residential address and USA Construction's business address.

6. On September 23, 2014, the debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On the same date, USA Construction also filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

7. On the date of the bankruptcy filings, USA Construction's business bank account at Bank of America with a balance of $47,549.40 was subject to a garnishment order by a creditor of the debtor and USA Construction.

8. On the date of the bankruptcy filings, USA Construction reported work in progress from federal government contracts of $40,000.00.

9. On the date of the bankruptcy filings, the debtor reported in his statement of financial affairs that he had no income from business or other sources although USA Construction had revenue in excess of $700,000.00 in 2014.

10. Neither the debtor nor USA Construction disclosed other federal government contracting activities which were being conducted from the debtor's residence and which had revenues in excess of $500,000.00 in 2013 and 2014.

11. On October 1, 2014, the debtor, without authorization from the bankruptcy court, withdrew all the funds from the USA Construction bank account at Bank of America, closed that bank account, and refused to identify the subsequent bank accounts utilized by USA Construction.

12. At the debtor's first meeting of creditors on October 27, 2014, the debtor testified that the only reason he and USA Construction filed bankruptcy was to obtain the funds being held pursuant to the garnishment. The debtor disclosed that he withdrew the funds from the USA Construction account, transferred a motor vehicle to his ex-wife for no consideration in order to hinder creditors, and refused to comply with state court orders in Nebraska and Alaska. The debtor refused to answer questions or provide information about the disposition of funds, income, pre-petition creditors, payments within the preference period and/or post-petition, or provide addresses for defendants Ryan Niroomand-Rad and Michael Niroomand-Rad.

13. On October 30, 2014, the United States Trustee asked the bankruptcy court to convert the Chapter 11 cases of the debtor and USA Construction to cases under Chapter 7 because of the debtor's failure to comply with fiduciary requirements of Chapter 11 debtors, fraudulent transfer of an asset, failure to properly complete the schedules of assets and liabilities and statement of financial affairs, failure to insure property of the bankruptcy estate, and refusal to answer relevant questions from a creditor.

14. On December 8, 2014, the court granted the motion to convert and Joseph H. Badami was appointed the trustee in both cases.

15. On March 11, 2015, the trustee filed a motion to compel because the debtor failed to provide information about income and assets and pre-and post-petition payments to creditors.

16. On April 9, 2015, the debtor was denied discharge after the United States Trustee filed an adversary complaint objecting to discharge under 11 U.S.C. § 727(a)(2) and§ 727(a)(4)(A).

17. After the debtor and USA Construction failed to provide information requested by the trustee and ordered by the court, the trustee requested appointment of special counsel on April 6, 2016.

18. On July 26, 2016, special counsel attempted to conduct Rule 2004 examinations of the debtor in his capacities as debtor and as president of the debtor USA Construction, and of defendant Michael Niroomand-Rad. Subpoenas were served on the debtor and Michael Niroomand-Rad by a deputy of the United States Marshal Service on July 22, 2016. No objections to the Rule 2004 examinations were ever filed.

19. Defendant Michael Niroomand-Rad did not appear on July 26, 2016, although he was served with a subpoena.

20. On July 26, 2016, the debtor refused to answer questions relating to the funds taken from a USA Construction bank account after the filing of bankruptcy; what payments were made to pre-petition creditors including subcontractors; what payments were made to potential insiders, including his sons, Ryan and Michael Niroomand-Rad, and his mother-in- law; and disposition of the estimated $40,000.00 from work in progress of USA Construction. The debtor also refused to answer questions relating to his sister, Akram Niroomand-Rad, to whom he admittedly paid $20,000.00 after he filed bankruptcy in repayment of a pre-petition loan.

21. On July 26, 2016, the debtor was in possession of documents responsive to the subpoenas, including tax returns for 2014 and 2015, but refused to provide the returns. The debtor had previously admitted in § 341 meetings to possession of documents regarding payments to pre-petition subcontractors after the filing of bankruptcy but failed to provide any documents to special counsel or answer questions relating to the subcontractors or the defendants.

22. On September 12, 2016, the court ordered the debtor and defendant Michael Niroomand-Rad to appear on September 16, 2016, and produce documents.

23. On September 16, 2016, Michael Niroomand-Rad appeared pursuant to the court's order but failed to produce any documents and indicated that he maintained no corporate documents. The debtor failed to appear or produce any of the documents specified in the court's order.

24. On September 21, 2016, the trustee filed this action against the debtor, the moving defendants, and others that the trustee alleges are related or otherwise affiliated with the debtor. The trustee's complaint alleges the following eight claims against all defendants in this action: (1) Alter Ego/Piercing Corporate Veil; (2) Substantive Consolidation; (3) Declaratory Judgment to Determine That Net Financial Benefit From Federal Government Contracts Were Held In Trust For The Debtor And Are Property Of the Bankruptcy Estate; (4) Turnover Of All Property Of The Estate Held By Alter Ego Defendants Pursuant to 11 U.S.C. § 542; (5) Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 544, 550, 551 and § 36-705 of the Nebraska Uniform Fraudulent Transfer Act; (6) Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 544, 550, 551 and § 36-705 of the Nebraska Uniform Fraudulent Transfer Act; (7) Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 544, 548, 550, 551; and (8) Accounting.

25. On October 11, 2016, the court issued an order requiring the debtor to show cause and to appear on October 27, 2016.

26. On October 27, 2016, the debtor appeared but provided no documents. The debtor refused to answer questions about the existence of other financial accounts besides the accounts he had already disclosed in his bankruptcy schedules and claimed the Fifth Amendment privilege against self-incrimination. The debtor would not disclose the names of the pre-petition subcontractors he paid after the bankruptcy filing or government contracts that constituted work in progress.

27. On October 31, 2016, the court ordered the debtor to provide, on or before December 1, 2016:

    a. The names, addresses, and amounts paid to subcontractors and any other person or entity from the remaining $12,500.00 of the original $47,549.40 taken from the USA Construction bank account;

    b. An explanation for any amounts paid to subcontractors or any other person or entity from the remaining $12,500.00;

    c. All contract folders including subcontractor folders of USA Construction from any contract awarded to USA Construction from September 23, 2013, to September 23, 2015;

      d.    Copies of all certified checks issued by Bank of America when the debtor withdrew $47,549.40 from the USA Construction account;

      e.    A written list of payments and copies of checks issued from any account by the debtor to himself, his wife, or defendants Michael Niroomand-Rad and Ryan Niroomand-Rad from September 23, 2013, to September 23, 2015, including an explanation for all payments made; and

      f.    A written explanation of the source and reason for payment of an electronic deposit on September 22, 2014, of $7,500.00 into the personal account of the debtor which came from, upon information and belief, the defendant Ryan Niroomand-Rad.

28. Upon Mr. Badami's retirement from the panel of bankruptcy trustees, Richard D. Myers was appointed as successor trustee on November 29, 2016, and is the plaintiff in this case.

29. On or about December 1, 2016, the debtor delivered some documents to the office of the United States Trustee in Omaha but failed to provide the documents listed in 26a. - b., d. - f.

The movants filed this motion to withdraw the reference of this adversary proceeding under 28 U.S.C. § 157(d) for cause because the trustee's claims involve "non-core" matters which require adjudication of state-law claims. Essentially, the movants are raising the question of the bankruptcy court's authority to decide this adversary proceeding under *Stern v. Marshall*, 564 U.S. 462 (2011).

The United States District Court for the District of Minnesota has addressed the issue of withdrawal of the reference for *Stern* questions, and its explanation is applicable here:

> Under the bankruptcy statutes:
> > [T]he district courts of the United States have "original and exclusive jurisdiction of all cases under title 11." Congress has divided bankruptcy proceedings into three categories: those that "aris[e] under title 11"; those that "aris[e] in" a Title 11 case; and those that are "related to a case under title 11." District courts may refer any or all such proceedings to the bankruptcy judges of their district . . .. District courts also may withdraw a case or proceeding referred to the bankruptcy court "for cause shown."
>
> *Stern v. Marshall*, 131 S. Ct. 2594, 2603 (2011) (quoting 28 U.S.C. §§ 1334(a), 157(a), (d)). In this District, all bankruptcy cases and proceedings are automatically referred to the bankruptcy judges. Bankruptcy Local Rule 1070–1.
>
> Bankruptcy judges may hear and enter final judgments in "all core proceedings arising under title 11, or arising in a case under title 11." "Core proceedings include, but are not limited to" 16 different types of matters . . .
> *Stern*, 131 S. Ct. at 2603–04 (quoting 28 U.S.C. §§ 157(b)(1), (b)(2)(C), 158).

> When a bankruptcy judge determines that a referred "proceeding . . . is not a core proceeding but . . . is otherwise related to a case under title 11," the judge may only "submit proposed findings of fact and conclusions of law to the district court." It is the district court that enters final judgment in such cases after reviewing de novo any matter to which a party objects.

*Id.* at 2604 (quoting 28 U.S.C. § 157(c)(1)).

In *Stern v. Marshall*, the Supreme Court held that section 157(b)'s grant of authority to a bankruptcy court to "hear and determine . . . and . . . enter appropriate orders and judgments," on "counterclaims by the estate against persons filing claims against the estate," violated Article III of the United States Constitution when the state law claims would not be "completely resolved in the bankruptcy process of allowing or disallowing claims." 131 S. Ct. at 2611. Therefore, "some claims labeled by Congress as 'core' may not be adjudicated by a bankruptcy court in the manner designated by § 157(b)." *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham)*, 134 S. Ct. 2165, 2172 (2014).

*In re Bellingham*, decided by the Supreme Court in June 2014, explained that if a so-called *Stern* claim "satisfies the criteria of § 157(c)(1)" in that it is "related to a case under title 11," then "the bankruptcy court simply treats the claims as non-core: The bankruptcy court should hear the proceeding and submit proposed findings of fact and conclusions of law to the district court for de novo review and entry of judgment." 134 S. Ct. at 2173.

. . .

Defendants' motion to withdraw the reference to the bankruptcy court in this case is based on 28 U.S.C. § 157(d), which states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphasis added). The statute does not define "cause," but generally, district courts have "broad discretion in determining whether to withdraw a matter from the bankruptcy court." *Enviro–Scope Corp. v. Westinghouse Elec. Corp.*, 57 B.R. 1005, 1008 (E.D. Pa. 1985). In deciding whether to withdraw a reference, the Court considers factors such as whether the claim is core, the efficient use of judicial resources, the delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and the presence of a jury demand.

*See In re H & W Motor Express Co.*, 343 B.R. 208, 214 (N.D. Iowa 2006) (Reade, J.).

*Kelley v. Opportunity Fin., LLC*, Civil Case No. 14-3375 MJD, 2015 WL 321536, at *1–2 (D. Minn. Jan. 26, 2015).

As explained in *Kelley*, this court may not have the authority to enter a final judgment on the issues in this adversary proceeding absent consent of the parties because of the state-law, non-core claims, but that does not mean this court should not administer and hear the adversary proceeding and provide findings and recommendations to the district court for final adjudication.

Considering the factors identified in the *H & W Motor Express* decision leads to the conclusion the reference should not be withdrawn from the bankruptcy court. Several of the claims raised by the trustee are core proceedings, particularly those claims concerning identification and turnover of property of the bankruptcy estate and avoidance of fraudulent transfers pursuant to the Bankruptcy Code. The other claims are related to the bankruptcy case because they concern the recovery of assets belonging to the bankruptcy estate which have allegedly been transferred to non-debtors in an effort to conceal the assets or hinder creditors in their efforts to collect from the debtor. As is evident from the procedural summary at the beginning of this document, the bankruptcy court is abundantly familiar with the debtor's case. There is as yet no jury demand, and the bankruptcy court is willing and able to administer a timely progression of the case toward trial. The prudent husbandry of judicial resources favors leaving the adversary proceeding with the bankruptcy court at this time for increased judicial efficiency in both courts.

Accordingly, I respectfully recommend to the United States District Court for the District of Nebraska that the motion by defendant Ryan Niroomand-Rad, Michael Niroomand-Rad, and Xion Construction Company, LLC, to withdraw the reference of this adversary proceeding (Fil. No. 11) be denied.

DATED: December 16, 2016.

Respectfully submitted,

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Lauren R. Goodman
    *Michael T. Eversden
    Rex J. Moats
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.